IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CURTIS LEON REYNOLDS**                                                   **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 3:20-cv-97-JMV**

**Andrew Saul**
*Commissioner of Social Security*                                    **DEFENDANT**

## **FINAL JUDGMENT**

This is an appeal of a denial of a claim for Disability Insurance Benefits and a Period of Disability. Plaintiff protectively filed an application in the present matter on or about September 22, 2017. The application was denied at the initial and reconsideration levels and Plaintiff filed a timely request for a hearing. The Administrative Law Judge (hereinafter "ALJ") issued an Unfavorable Decision in this cause on June 5, 2019. Tr. 9. The Appeals Council subsequently issued an Order dated February 4, 2020, thereby making it the decision of the Commissioner and the Social Security Administration. For the reasons announced at the hearing today and memorized below, the Commissioner's decision is affirmed.

By way of his appeal claimant makes two basic arguments: (1) the ALJ failed to consider all the medical evidence (namely an alleged opinion that he was determined by state agency physicians to be durationally disabled)[1]; and (2) the ALJ failed to obtain a consultive evaluation.

---

[1] While the claimant's counsel may have also appeared to refer to a medical opinion of a "Dr. Bernaur", it is acknowledged by all counsel that he is not a medical provider in relation to this claim.

The claimant founds his contention that the ALJ failed to consider the medical evidence that Plaintiff was disabled for a durational basis on the state examiners statement as follows, "I would defer until he finished his radiation and get updated status of his prostate cancer (he may will already be finished with this). Most likely will be *a durational denial*...' (TR 69)." (Pl. Br.at 5). As the commissioner points out and the court concludes, claimant is simply mistaken in his assertion tht the state agency examiner found claimant to be durationally disabled. To the contrary, both state agency doctors made no finding of disability. In fact, the administrative finding of fact at the initial level by DDS physician Carol Kossman was that "[Plaintiff's] prostate cancer appears to be under control and is thus nonsevere." Tr. 75-76. The administrative finding of fact at the reconsideration level Dr. Cherilyn Hebert was that all of Plaintiff's medically determinable impairments were non-severe. Tr. 84. In short, as set out in the ALJ's decision, the clinical findings in the record that the ALJ relied on to formulate Plaintiff's RFC stand as substantial evidence supporting the RFC. Tr. 21-22.

In support of the Plaintiff's claim that the ALJ failed to order a Consultative Examination and thereby failed to adequately develop the record, the claimant assets that there is not a medical opinion from any source, examining or nonexamining, that covers the entirety of Plaintiff's relevant period; that the Plaintiff's age and vocational profile would support a finding of disability if he was not able to perform the exertional demands of light work; and Plaintiff's counsel requested this examination. None of these blanket assertions illustrate that the ALJ did not have sufficient information on which to found his decision. A CE at government expense is not required "unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision") *Gutierrez v. Barnhart*, 2005 WL 1994289, at *8 (5th Cir. 2005) (citing *Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir. 1987) (emphasis in original)). The

decision to order a CE is one that is within the ALJ's discretion. *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). The regulations provide that the decision to purchase a CE is "made on an individual case basis." 20 C.F.R. § 404.1519.

Further, the regulations state that "if we cannot get the information we need from your medical sources, we *may* decide to purchase a consultative examination." 20 C.F.R. § 404.1519a(a) (emphasis added). Before purchasing a CE, the ALJ will "consider not only existing medical reports, but also . . . other pertinent evidence in your file." *Id.*

The facts in the instant case do not satisfy the conditions identified in the regulations for the ALJ to consider exercising his discretion to obtain a CE. In this case, the record evinces Plaintiff's consistently normal physical exam findings and the absence of any documented side effects or sequelae from Plaintiff's treatment for prostate cancer during the time period at issue, and the ALJ included a thorough discussion of the evidence in his decision. Tr. 20-22.

For all of the foregoing reasons, the decision is affirmed.

**SO ORDERED**, this, the 9th day of June, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**